# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 4:28 pm, Nov 16, 2015

In the matter of: )
 )  Chapter 13 Case
 )
MILES K. GIRARDEAU, and )
DONNA K. GIRARDEAU )
 )  Number 14-41387-EJC
 )
       *Debtors.* )

## MEMORANDUM OPINION AND ORDER ON DEBTORS' MOTIONS TO ALLOW CLAIM

This matter is before the Court on nine Motions to Allow Claim (dckt nos. 32-40) filed by the debtors, Miles and Donna Girardeau (the "Debtors"), on behalf of Southside Fire/EMS, Anesthesia Consultants of Savannah, Coastal Behavioral Health, Antioch Medical Associates, Southcoast Health, Southeast Medical Equipment Company, Central EMS, Memorial Health University Medical Center, and Georgia Emergency Physician Specialists ("Creditor" or collectively as the "Creditors"). The issue before the Court is whether 11 U.S.C. § 1305 allows the Debtors to file proofs of claim on behalf of post-petition creditors, and whether such claims may be allowed and paid under the Debtor's Chapter 13 plan. For the reasons stated below, the Court concludes that the Debtors lack standing to file proofs of claim pursuant to § 1305. Accordingly, the Debtors' Motions are DENIED.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony

A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). In accordance with Bankruptcy Rule 7052, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

The Debtors filed their Chapter 13 petition and plan on August 27, 2014. (Dckt Nos. 1,4). The § 341 meeting was scheduled for October 10, 2014, which established a claims bar date of January 8, 2015 for non-governmental creditors. (Dckt. 28). At some point after the filing of their petition[1], the Debtors incurred various medical debts with the Creditors as a result of a motor vehicle accident. On November 21, 2014, the Debtors amended their Schedule "F" to add these post-petition medical debts. (Dckt. 27). On March 2, 2015, this Court confirmed the Debtors' plan, which provided for a $500.00 dividend to be distributed pro rata to the allowed claims of unsecured creditors. (Dckt. No. 29).

None of the Creditors sought to file their post-petition claims pursuant to 11 U.S.C. § 1305(a)(2). However, on June 19, 2015 and June 22, 2015, the Debtors filed proofs of claim on behalf of all nine Creditors for the post-petition medical debts which totaled nearly $3,200.00. (Claims Register 17-1 to 26-1). Each proof of claim identified the applicable Creditor and claim amount, but no documentation was provided in support of any of the claims. *Id.* Further, the Debtors checked the box on the proofs of claim labeled, "I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)" *Id.* At the

---

[1] The record is unclear as to the exact date the Debtors' received medical treatment. However, the Debtors have consistently represented that the medical debts were incurred post-petition.

same time as the proof of claim filings, the Debtors filed the instant Motions seeking allowance of such claims. (Dckt Nos. 32-40). Each Motion provided:

> Come now the Debtors and move the Court to allow a post-petition, general unsecured claim for [Creditor] in the amount of [claim amount]. The Debtors will increase the Chapter 13 payment as necessary to pay this claim a pro-rata share of the $500.00 confirmed dividend to general unsecured creditors.

*Id.*

The Motions made no reference to any section of the Bankruptcy Code or to a Bankruptcy Rule in support of the requested relief. Upon receipt of the Motions, the Clerk sent notice of these filings to the respective Creditors, which provided, in pertinent part:

> Pursuant to Bankruptcy Rule 3004[2] notice is hereby given that the debtor or trustee in the captioned case filed a proof of claim on behalf of the creditor and in the amount shown above.
>
> If you would like your account number shown on payments you receive on this claim, please return [a] copy of this letter showing your account number. If you wish to file a response to this claim, please attach a copy of this letter to your response. . . .

(Dckt. Nos. 41-48).

None of the Creditors appeared or filed objections to the Motions with the Court. On July 1, 2015, however, the Trustee filed a response approving of the Motions, which stated "The Plan shall continue to pay as confirmed, with no change. Provided that the Creditors do not object, the Trustee shall pay the claims at the confirmed dividend." (Dckt. No. 57). The Trustee also requested the Court to schedule a hearing because the

---

[2] The Court recognizes that this notice is deficient because it gives post-petition creditors the false impression that the debtor is *permitted* to file a proof of claim on their behalf "[p]ursuant to Bankruptcy Rule 3004." Because the Creditors do not fit into any of the categories in 11 U.S.C. § 101(10), they are not "creditors" for purposes of Rule 3004.

"Creditor[s] [have] not consented." *Id.* The matter came on for hearing on September 3, 2015. Judson C. Hill, Attorney for the Debtors, and the Trustee, through counsel Jeff Narmore, were present at the hearing. At the hearing, the Debtors were unable to provide the Court with any legal authority that would permit post-petition claims filed by a debtor to be allowed and paid out in a Chapter 13 plan.

### III. CONCLUSIONS OF LAW

This case presents a common dilemma for Debtors' counsel: how do you explain to a client who has just embarked on a three to five year Chapter 13 plan of reorganization that his or her post-petition debts (in this case debts incurred very shortly after filing) are not being discharged? Instead, the debtors will emerge from bankruptcy with new debt. The answer for some lawyers seems to be to file proofs of claim on those post-petition debts and hope no party objects.

As a general rule, the Bankruptcy Code is intended to only affect claims against a debtor which arose prior to commencement of the case. Indeed, the Bankruptcy Code defines a "creditor" to mean:

> (A) entity that has a claim against the debtor that arose at *the time of or before the order of relief concerning the debtor*;
>
> (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(I) of this title; or
>
> (C) entity that has a community claim.

11 U.S.C. § 101(10) (emphasis added). One exception[3] to this rule is contained in 11 U.S.C.

---

[3] As 11 U.S.C. § 101(10) makes clear, there are other claims that can arise post-petition, such as rejected executory contracts or unexpired leases. *See* Rule 3002(c)(4).

4

§ 1305, which governs the filing and allowance of post-petition claims in a Chapter 13 case:

(a) A proof of claim may be filed by any entity that holds a claim against the debtor–
  (1) for taxes that become payable to a governmental unit while the case is pending; or
  (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

(b) Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title, the same as if such claim had arisen before the date of the filing of the petition.

(c) A claim filed under subsection (a)(2) of this section shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained.

11 U.S.C. § 1305.

A debtor will often want a post-petition debt to be an allowed claim pursuant to § 1305 because the Bankruptcy Code provides a mechanism by which a debtor may discharge such debts. Under 11 U.S.C. § 1322(b)(6), a Chapter 13 plan "may provide for payment of all or any part of any [post-petition] claim *allowed* under section 1305 of this title." (Emphasis added). Further, § 1328(a) provides, in pertinent part: "Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan . . . the court shall provide the debtor a discharge of all debts *provided for by the plan* . . . ." (Emphasis added). 11 U.S.C. § 1328(a). Section 1328(d) provides that a debtor may not discharge a debt *allowed*[4] under § 1305(a)(2) if prior approval by the trustee was

---

[4] This contrasts with § 1305(c), which suggests that such claims (i.e. receiving prior approval by the trustee) shall be *disallowed*. However, this seeming contradiction between two code sections does not affect the Court's holding.

5

practicable and was not obtained. Accordingly, the discharge of a post-petition debt in a Chapter 13 case depends on whether it is *allowed* under § 1305 and *provided for* in the debtor's Chapter 13 plan. *In re Pritchett*, 55 B.R. 557, 558 (Bankr. W.D. Va. 1985).

Addressing the latter requirement first, it does not appear that the Debtors' plan explicitly provides for post-petition claims, but the broad language of the plan at paragraph 2(h)(i) is probably sufficient. (Dckt. 4). Nevertheless, a plain reading of § 1305(a) makes it clear that a debtor is not permitted to file a proof of claim for an entity holding a post-petition claim because a debtor, by its definition, cannot be an "entity that holds a claim against the debtor." *In re Benson*, 116 B.R. 606, 607 (Bankr. S.D. Ohio 1990). Further, the permissive language in § 1305(a) makes it obvious that an entity is not required to file a proof of claim for a post-petition claim. *In re Haith*, 193 B.R. 341, 343 (Bankr. N.D. Ala. 1995) ("[t]here is no provision in § 1305(a) for the debtor to force a post-petition creditor to file a proof of claim or for the debtor to file a proof of claim on behalf of a post-petition creditor."). Accordingly, post-petition creditors who choose not to file a proof of claim can not hold an "allowed" post-petition claim. *In re Goodman*, 136 B.R. at 170.

In this case, the Debtor filed proofs of claim for nine post-petition medical debts. There is no doubt that these debts fall within the purview of § 1305(a)(2) because each is "a consumer debt . . . that is for property or services necessary for the debtor's performance under the plan[5]." 11 U.S.C. § 1305(a)(2). Accordingly, each Creditor would have been

---

[5] The legislative history of this code section reflects that medical services are an example of the type of post-petition expense for which § 1305(a)(2) was enacted. H.R. Rep. No. 95-595, at 428 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6383.

entitled to file a proof of claim in this case. However, none of the Creditors have attempted to participate in the Debtors' Chapter 13 case in any manner. Indeed, in a case where the unsecured creditors will share pro rata a total of $500.00, there would be little reason for the Creditors to file such claims. Because post-petition debts can only be allowed after the consensual filing by the creditor of a proof of claim, the Debtors have no standing to file post-petition claims without the consent of the Creditors. 11 U.S.C. § 1305(a); *In re Seyden*, 294 B.R. 418 (Bankr. S.D. Ga. Aug. 23, 2002). Therefore, the Debtors' medical debts are not allowable as post-petition claims under § 1305(a), and thus may not be "provided for" by the Debtors' confirmed plan pursuant to § 1322(b)(6). Because these claims can not be included in the Debtor's plan, they can not be discharged under § 1328(a).

The Debtors cited no code section in support of their Motions, but the foregoing analysis focused on 11 U.S.C. § 1305. Had the Debtors moved for modification under § 1329 to add claims post-petition, they would have fared no better. Section 1329, which governs post-confirmation modification of a Chapter 13 plan, provides that such modifications are limited to:

> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time for such payments;
>
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
>
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance . . . .

11 U.S.C. § 1329(a).

"It is obvious from the clear language of this statute that post-confirmation modifications do not contemplate the forced addition of postpetition debts." *In re Goodman*, 136 B.R. 167, 169 (Bankr. W.D. Tenn. 1992). Accordingly, the Debtors may not sidestep the requirements of § 1305 through the process of modifying their chapter 13 plan after confirmation.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS ORDERED that the Debtors' Motions to Allow Claim (dckt nos. 32-40) are DENIED.

Dated at Savannah, Georgia, this 16th day of November, 2015.

_____
Edward J. Coleman, III
United States Bankruptcy Judge